Carl Schwartz (BBO# 680500)
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Hunter Evers,*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Hunter Evers,

Plaintiff,

vs.

Equifax Information Services, LLC,
Trans Union, LLC,
Experian Information Solutions, Inc. and
United States Department of Education,

Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMAND**

NOW COMES THE PLAINTIFF, HUNTER EVERS, BY AND THROUGH COUNSEL, and for his Complaint against Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Everett, Middlesex County, Massachusetts.
4. Venue is proper in the District of Massachusetts, Boston Division.

**PARTIES**

5. Plaintiff is a natural person residing in the City of Everett, Middlesex County, Massachusetts.
6. The defendants to this lawsuit are:
    a. United States Department of Education ("Department of Education"), which conducts business in the State of Massachusetts.
    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the State of Massachusetts.
    c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that conducts business in the State of Massachusetts.
    d. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that conducts business in the State of Massachusetts.

## GENERAL ALLEGATIONS

7. The Department of Education is reporting several trade lines on Mr. Evers' Equifax, Trans Union and Experian credit files with an incorrect balance, past due amount and payment status of "collection" (hereinafter referred to as the "Errant Trade Lines").

8. This is false as the student loans that are the subject of the Errant Trade Lines have been consolidated by Navient.

9. On or about March 28, 2017, Mr. Evers obtained his credit files and noticed the Errant Trade Lines.

10. On or about June 19, 2017, Mr. Evers submitted letters to Equifax, Trans Union and Experian disputing the Errant Trade Lines.

11. In the letters, Mr. Evers explained that the Errant Trade Lines were consolidated by Navient, attached Navient Loan Statements showing that the loans were consolidated, asked Equifax, Trans Union and Experian to remove the balance, past due amount, and status of collection, and included Mr. Evers' name, current address and social security number.

12. Upon information and belief, Equifax, Trans Union and Experian forwarded Mr. Evers' disputes to the U.S. Department of Education.

13. On or about June 28, 2017, Mr. Evers received Equifax's investigation results, which showed that Equifax and the Department of Education retained several of the Errant Trade Lines.

14. On or about July 8, 2017, Mr. Evers received correspondence from Equifax, which stated that it is unable to locate his credit file.

15. On or about July 11, 2017, Mr. Evers received Trans Union's investigation results, which showed that Trans Union and the Department of Education retained one of the Errant Trade Lines.

16. On or about July 17, 2017, Mr. Evers received Experian's investigation results, which showed that Experian and the Department of Education retained several of the Errant Trade Lines.

17. On or about July 18, 2017, Mr. Evers received another dispute result from Equifax, which showed that Equifax and Department of Education retained several of the Errant Trade Lines.

18. As a direct and proximate cause of the Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendant's failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety

due to Defendant's failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

**COUNT I**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEPARTMENT OF EDUCATION**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by the CRAs of Mr. Evers' consumer dispute of the erroneous late payment remark of the Errant Trade Lines, the Department of Education negligently failed to conduct a proper investigation of Mr. Evers' dispute as required by 15 U.S.C. § 1681s-2(b).

21. The Department of Education negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to update the past due amount, balance, and payment status of the Errant Trade Lines.

22. The Errant Trade Lines are inaccurate and create a misleading impression on Mr. Evers' consumer credit file with the CRAs to which the Department of Education is reporting such trade lines.

23. As a direct and proximate cause of the Department of Education's negligent failure to perform its duties under the FCRA, Mr. Evers has

suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. The Department of Education is liable to Mr. Evers by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Mr. Evers has a private right of action to assert claims against the Department of Education arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Department of Education for damages, costs, interest and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEPARTMENT OF EDUCATION

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by the CRAs that Mr. Evers disputed the accuracy of the information it was providing, the Department of Education willfully failed to conduct a proper reinvestigation of Mr. Evers' dispute.

28. Department of Education willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of the Department of Education's willful failure to perform its duties under the FCRA, Mr. Evers has suffered damages, mental anguish, suffering, humiliation and embarrassment.

The Department of Education is liable to Mr. Evers for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant the Department of Education for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.

32. Such reports contained information about Mr. Evers that was false, misleading and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Mr. Evers' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

36. Equifax is liable to Mr. Evers by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.

39. Such reports contained information about Mr. Evers that was false, misleading and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Mr. Evers' consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

43. Equifax is liable to Mr. Evers by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

44. Plaintiff realleges the above paragraphs as if recited verbatim.
45. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.
46. Such reports contained information about Mr. Evers that was false, misleading, and inaccurate.
47. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).
48. After receiving Mr. Evers' consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

49. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Trans Union is liable to Mr. Evers by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.

53. Such reports contained information about Mr. Evers that was false, misleading, and inaccurate.

54. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that

it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).

55. After receiving Mr. Evers' consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

56. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Trans Union is liable to Mr. Evers by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.

60. Such reports contained information about Mr. Evers that was false, misleading, and inaccurate.

61. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).

62. After receiving Mr. Evers' consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

63. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64. Experian is liable to Mr. Evers by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

**COUNT VIII**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

65. Plaintiff realleges the above paragraphs as if recited verbatim.

66. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Evers as that term is defined in 15 U.S.C. § 1681a.

67. Such reports contained information about Mr. Evers that was false, misleading, and inaccurate.

68. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Evers, in violation of 15 U.S.C. § 1681e(b).

69. After receiving Mr. Evers' consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

70. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Evers has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

71. Experian is liable to Mr. Evers by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 17, 2017

By:__*/s/ Carl Schwartz*________
Carl Schwartz
Attorneys for Plaintiff,
Hunter Evers